IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60636-CIV-COHN-SELTZER

SIGNAL TECHNOLOGY, INC.,

    Plaintiff,

vs.

PENNSUMMIT TUBULAR, LLC,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF LEAVE TO FILE SUR-REPLY

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Memorandum in Opposition to Motion to Dismiss Amended Complaint, or in the Alternative, for Leave to File a Sur-Reply [DE 32]. The Court has considered the Motion, Defendant's Response [DE 36], Plaintiff's Reply [DE 37], the record in this case, and is otherwise advised in the premises.

### I.  BACKGROUND

This action arises out of two projects to install traffic signals in Broward County, Florida. Plaintiff Signal Technology, Inc. ("Signal") entered into contracts with third-parties to furnish labor and materials for the installation of traffic signals for two separate projects. In connection with these projects, Signal entered into contracts with Defendant PennSummit Tubular, LLC ("PennSummit") whereby Defendant agreed to furnish "mast arms," which are overhead structures used in the construction of traffic signals. Plaintiff alleges that the mast arms provided by Defendant were defective and

the Complaint brings a number of claims for breach of contract, breach of the implied warranties of merchantability and fitness, and indemnification.

Defendant moved to dismiss Plaintiff's Amended Complaint on two alternative grounds: (1) under Fed. R. Civ. P. 12(b)(3) for improper venue, pursuant to a forum selection clause contained in PennSummit's standard "Terms and Conditions;" and (2) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim based on the warranty clauses of the Terms and Conditions. With regards to the first ground, the Terms and Conditions include the following forum selection provision: "The Court of Common Pleas of Luzerne County shall constitute the exclusive forum for litigation of disputes arising under or related to the agreement between the parties." DE 22-2 ¶ 17.

In opposing Defendant's Motion to Dismiss, Plaintiff argued that the Court should not consider the Terms and Conditions because (1) they were not attached to the Amended Complaint, and (2) the Amended Complaint alleged that the "Purchase Order" in connection with each project was a "true and complete" copy of the document evidencing the sale of the mast arms. In addition, Plaintiff attached the Affidavit of Jeffrey Kleiss, Executive Vice President of Signal, which stated that the Terms and Conditions were "not part" of the Purchase Orders. DE 29-2 ¶ 3. Further, Mr. Kleiss stated that the Terms and Conditions "were not material to Signal's purchase of goods from PennSummit." Id. ¶ 4. Accordingly, Plaintiff argued that the Terms and Conditions should not be considered in the context of a motion to dismiss.

Defendant's Reply attached the Declaration of Grace Panelo. The Declaration states that Ms. Panelo "does not recall if [she] provided PennSummit's standard terms and conditions as part of the quote on each" of the projects at issue in the Amended

2

Complaint.  DE 30-2 ¶ 6.  However, there is no dispute that Ms. Panelo eventually did provide Plaintiff with the Terms and Conditions as the Declaration attaches emails evidencing that Mr. Kleiss received copies of the document.  In addition, Ms. Panelo states that she informed Signal "that the standard terms and conditions were applicable to all quoted products from PennSummit."  Id. ¶ 7.

Plaintiff then filed the instant Motion arguing that "PennSummit raises a new factual issue in its Reply that was not previously argued by PennSummit."  Motion at 1.  Further, Plaintiff argues that the Declaration of Grace Panelo is "improper at the motion to dismiss stage."  Id.  Accordingly, Plaintiff asserts that "the Reply, the declaration and the exhibits attached to the Reply and declaration should be stricken and not considered by the Court."  Id. at 8.  In the alternative, Plaintiff requests "leave to file a sur-reply."  Id.

## II.  ANALYSIS

As an initial matter, Defendant is correct that in the context of a motion to dismiss for improper venue "the court may consider matters outside the pleadings such as affidavit testimony, 'particularly when the motion is predicated upon key issues of fact.'"  Wai v. Rainbow Holdings, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004) (quoting Webster v. Royal Caribbean Cruises, Ltd., 124 F.Supp.2d 1317, 1320 (S.D. Fla. 2000)).  On Rule 12(b)(3) motion based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper.  Wai, 315 F.Supp.2d at 1268.  A court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper.  Id.  A court must draw all

3

reasonable inferences and resolve all factual conflicts in favor of the plaintiff.  Id. Accordingly, the Court will not strike the Declaration of Grace Panelo nor any other exhibit attached to the Reply.

It is in the interests of both parties and this Court to determine whether this Court is the proper forum for this dispute as soon as possible.  In addition, in light of the unequivocal forum selection clause contained in the Terms and Conditions, the Court finds that this issue must be resolved prior to turning to the argument Defendant raises with respect to the merits.  In other words, if the Court of Common Pleas of Luzerne County is found to be the exclusive forum for disputes arising out of the agreement between the parties, then it should be that court which determines whether the agreement bars the claims raised in the Amended Complaint.  Therefore, the Court will grant Plaintiff leave to submit a Sur-Reply on the issue of whether or not the forum selection clause applies.

Plaintiff's Sur-Reply should address the factual issues raised in Defendant's Reply and the Declaration of Grace Panelo.  In addition, the Plaintiff should also discuss the application of the Uniform Commercial Code as adopted by the Florida Statutes.  Defendants will be provided with an opportunity to respond briefly to Plaintiff's Sur-Reply.  Finally, the Court notes that forum selection clauses are presumptively valid and enforceable in the Eleventh Circuit.  See Krenkel v. Kerzner Intern. Hotels Ltd., --- F.3d ----, 2009 WL 2513645 (11th Cir. Aug. 19, 2009).

### III.  CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Memorandum in Opposition to Motion to Dismiss Amended Complaint, or in the Alternative, for Leave to File a Sur-Reply [DE 32] is **GRANTED in part**.  Plaintiff is hereby granted leave to file a Sur-Reply to Defendant's Motion to Dismiss Amended Complaint.  Plaintiff's Sur-Reply shall be filed no later than **Friday, August 28, 2009**.

2. Defendant shall be permitted to submit a Response to Plaintiff's Sur-Reply, which shall be filed no later than **September 2, 2009**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on this 21st day of August, 2009.

*James J. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF