UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60636-CIV-COHN-SELTZER

SIGNAL TECHNOLOGY, INC.,

      Plaintiff,

vs.

PENNSUMMIT TUBULAR, LLC,

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING RESOLUTION OF PARALLEL STATE COURT ACTIONS

**THIS CAUSE** is before the Court on Plaintiff's Corrected Motion to Remand to

State Court, or in the Alternative, Stay Proceedings Pending Resolution of Parallel

State Court Actions [DE 49] ("Motion"). The Court has considered the Motion,

Defendant's Response [DE 51], Plaintiff's Reply [DE 53], the argument of counsel on

January 15, 2010, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This action arises out of two projects to install traffic signals in Broward County:

the Powerline Project and the Oakland Part Project. In connection with these projects,

Plaintiff Signal Technology, Inc. ("Signal") entered into contracts with Defendant

PennSummit Tubular, LLC ("PennSummit") whereby Defendant agreed to furnish "mast

arms." Mast arms are overhead structures used in the construction of traffic signals.

Plaintiff alleges that the mast arms provided by Defendant were defective and the

Complaint brings claims for breach of contract, breach of the implied warranties of

merchantability and fitness, and indemnification.

This case was originally filed in state court in the Seventeenth Judicial Circuit, in and for Broward County. On April 30, 2009, Defendant removed the case to this Court based on diversity. Defendant then moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(3) on June 12, 2009. Specifically, Defendant argued that a forum selection clause contained in Defendant's standard "terms and conditions" required that the case be tried in Luzerne County, Pennsylvania. After an evidentiary hearing, the Court found that the forum selection clause was not included in the partes' agreement and, therefore, denied the motion to dismiss.

On November 30, 2009, Plaintiff filed the instant Motion. The Motion explains that the Florida Department of Transportation ("FDOT") owns both of the projects at issue and Signal was a subcontractor. Pavex Corporation d/b/a Ranger Construction-South ("Ranger") was the prime contractor to FDOT on the Powerline Project and APAC-Southeast, Inc. ("APAC") was the prime contractor to FDOT on the Oakland Park Project. FDOT has brought lawsuits against Ranger and APAC in state court in Broward County claiming that Ranger and APAC "failed to furnish and install computerized signal systems, including mast arm and mast poles, in accordance with contract plans and specifications." DE 49 at 3. The Motion also indicates that "Ranger and APAC have each filed third-party complaints against Signal and PennSummit." Id. at 4.

Plaintiff states that "the purpose of this motion is to remand this action to the Seventeenth Judicial Circuit, in and for Broward County, where this action can be consolidated with the APAC Lawsuit and the Ranger Lawsuit, so that FDOT, Ranger,

2

APAC, Signal and PennSummit are all in one proceeding where the rights and liabilities of the parties can be determined by a court having jurisdiction." DE 49 at 3. Plaintiff explains that all of the parties cannot "be brought into this action due to the Eleventh Amendment of the United States Constitution (as to FDOT) and complete diversity does not exist between Signal, Ranger and FDOT." Id. at 3. In the alternative, Plaintiff "requests that this action be stayed so the rights and liabilities of FDOT, Ranger, APAC, Signal and PennSummit can be decided in the pending APAC Lawsuit and the Ranger Lawsuit." Id. at 3.

Defendant opposes both prayers for relief. First, the Response contends that Plaintiff's argument that the case should be remanded because the Eleventh Amendment prevents joining FDOT in this action fails because (1) Plaintiff has no cognizable claim against FDOT, and (2) joinder of FDOT is not necessary to fully adjudicate all or part of this case. See DE 51 at 3-5. Second, Defendant argues that the circumstances presented in Plaintiff's Motion do not warrant the exceptional remedy of abstention. See id. at 5-10.

## II. DISCUSSION

### 1. The Court Will Not Remand this Action to State Court

"The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states." Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1302 (11th Cir. 2005). The Motion argues that FDOT is a necessary party to this case and the "Eleventh Amendment . . . prohibits Signal from bringing FDOT into this action." DE 49 at 3.

Plaintiff asserts that FDOT is required to fully adjudicate this matter. Plaintiff

3

points out that PennSummit raises the affirmative defense that "the mast arms were

negligently designed [by FDOT] but the mast arms met the specifications and 'state of

the art' during the relevant time period as required and articulated by the [FDOT]." DE

53 at 5. Therefore, PennSummit claims that the mast arms were "conforming goods."

Id. Plaintiff argues that this position is diametrically opposed to FDOT's claims that the

mast arms did not meet the contract specifications and Plaintiff stands in the middle of

these opposing positions. In its Reply, Plaintiff states the following:

> Signal, as a pass-through plaintiff through prime contractors, has a
> cognizable claim for declaratory judgment against FDOT concerning
> whether or not the mast arms manufactured were in accordance with
> contract plans and specifications. Signal would have moved for leave to
> add FDOT as a party to this action and to allege an action for declaratory
> judgment against FDOT, but for this Court lacking jurisdiction over FDOT
> pursuant to the Eleventh Amendment.

Id. at 2. Thus, Plaintiff argues that "[j]ustice and judicial economy require that the

dispute . . . be resolved in a single proceeding." DE 49 at 3.[1]

According to Plaintiff, 28 U.S.C. § 1447(c) provides authority for the Court to

remand this action to state court. Section 1447(c) provides, in part, that "[i]f at any time

before final judgment it appears that the district court lacks subject matter jurisdiction,

the case shall be remanded." 28 U.S.C. § 1447(c). "'The command embodied in

section 1447(c) applies in circumstances in which a federal court, by virtue of the

Eleventh Amendment, finds itself unable to adjudicate all or part of a removed case.'"

DE 49 at 4 (quoting Hudson Savings Bank v. Austin, 479 F.3d 102, 109 (1st Cir.

---

[1]       With respect to timing, Plaintiff represented at oral argument that it did not
become aware of the opposing positions of FDOT and PennSummit until PennSummit
raised the issue of negligent design as an affirmative defense.

4

2007)).[2] In sum, Plaintiff asserts that remand is required because this Court would be

unable to adjudicate all or part of the case if Signal were to join FDOT as a party.[3]

Defendant states that "Signal's inability to join FDOT as a party to this case does

not result in this Court being unable to adjudicate all or part of this removed action." DE

51 at 4 (emphasis in original). Defendant's Response argues as follows:

> FDOT's involvement as a party to this case is not necessary to fully
> adjudicate Signal's claims or PennSummit's defenses. Indeed, the
> adjudication of this simpler two-party case, at least as to the issues
> regarding conformity of the goods and the scope/limitations of
> PennSummit's warranty, will have a collateral estoppel/res judicata effect
> on the claims between the other parties.

Id. (emphasis in original). Therefore, Defendant argues that judicial economy favors

that this case be fully resolved rather than remanded to state court.

Plaintiff's Reply objects to Defendant's argument that res judicata or collateral

estoppel would eliminate the prospect of piecemeal litigation. "Clearly, there is no

identity in the parties of this action and the parties in either the APAC lawsuit and

Ranger Lawsuit, as FDOT, APAC and Ranger are not parties to this action, and FDOT

cannot be made a party to this action in federal court. Thus, any final judgment

---

[2]      While the Austin case contains quotations that superficially support
Plaintiff's position, that case presents a far different set of circumstances. In Austin, the
court was "asked, in effect, to referee a turf war between the Commonwealth of
Massachusetts and the United States." Austin, 479 F.2d at 104. The opinion describes
the Austin case as "the latest in a series of cases in which those two sovereigns have
asserted conflicting claims against a limited fund that is to be disbursed by interpleader.
In those cases, each has endeavored to have the relative priority of its claims
determined in its own courts, and each has mustered a plausible argument that it
should not be forced to litigate this question in the other's forum." Id.

[3]      Plaintiff argues that "[i]t would be futile to first require Signal to join FDOT
as a party before remanding this action to state court." DE 49 at 4. In an effort to
conserve resources, Plaintiff filed the Motion to determine whether a remand or stay
was appropriate in lieu of seeking to add FDOT as a party.

rendered in this action cannot apply as a bar in the APAC Lawsuit or the Ranger Lawsuit." DE 53 at 7. Plaintiff also contends that collateral estoppel would not apply. "[T]here is obviously no mutuality and identity of parties whereby the resolution by this Court of an issue could act as collateral estoppel in the APAC Lawsuit or Ranger Lawsuit." Id. at 8.[4]

Defendant also asserts that "even assuming that there were valid claims for Plaintiff to assert against FDOT in this case, the addition of this non-diverse party would remain discretionary with the Court pursuant to 28 U.S.C. § 1447(e)." DE 51 at 5. Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Defendant argues that "[u]nder the circumstances of this case, the Court should deny such attempts to add additional parties for the purpose of divesting this Court of jurisdiction." DE 51 at 5.

The Court finds that Plaintiff fails to establish adequate grounds to remand this action to state court. As discussed, Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court, however, does not lack

---

[4]     In order for *res judicata* or collateral estoppel to apply, Florida law requires "mutuality" and "identity of parties." See E.C. v. Katz, 731 So. 2d 1268, 1269-70 (Fla. 1999). Identity of parties and mutuality do not exist unless the same parties or their privies participated in prior litigation that resulted in a judgment by which they are mutually bound. See Gentile v. Bauder, 718 So. 2d 781, 783 (Fla. 1998); The Florida Bar v. Clement, 662 So. 2d 690, 697-98 (Fla. 1995); Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995) ("Unless both parties are bound by the prior judgment, neither may use it in a subsequent action.").

subject matter jurisdiction to resolve the dispute between Signal and PennSummit. Further, even if Plaintiff were to seek to join FDOT as a party, Defendant correctly points out that the Court may, in its discretion, deny joinder pursuant to 28 U.S.C. § 1447(e). Although Plaintiff raises judicial economy as a ground the Court should consider in deciding whether to remand the case, the text of Section 1447(c) focuses only on a district court's subject matter jurisdiction.

In addition, the Court can resolve all of the claims raised in Plaintiff's Amended Complaint without adding FDOT as a party. Plaintiff's claims are focused on the obligations between Plaintiff and Defendant. The Court acknowledges that this litigation could involve the issue of whether the mast arms were negligently designed by FDOT. Nevertheless, there is nothing precluding the parties from putting forward evidence on this issue and calling FDOT as a witness, without the need to join FDOT as a party. Therefore, the Court will not remand this case to state court.

## 2. The Circumstances Do Not Warrant the Extraordinary Remedy of Abstention

### A. *Colorado River* Factors

"'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)). In Colorado River, the Supreme Court stressed the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" but nevertheless found that under

7

"exceptional" circumstances the need for "wise judicial administration" allows a federal

court to abstain in favor of a concurrent state court action. Colorado River, 424 U.S. at

817-18.

As a threshold matter, Colorado River is applicable "when federal and state

proceedings involve substantially the same parties and substantially the same issues."

Ambrosia Coal & Constr. Co. v. Morales, 368 F.3d 1320, 1330 (11th Cir. 2004). Once

this threshold is met, the Eleventh Circuit has recognized six factors "that must be

weighed in analyzing the permissibility of [Colorado River] abstention." Id. at 1331.

The factors courts consider in determining whether exceptional circumstances exist are:

(1) whether one of the courts has assumed jurisdiction over property;
(2) the relative inconvenience of the federal forum;
(3) the potential for piecemeal litigation;
(4) the order in which jurisdiction was obtained and the relative progress of the
two actions;
(5) whether federal or state law will apply; and
(6) the adequacy of the state court to protect the parties' rights.

Id.; see also TranSouth Financial Corp. v. Bell, 149 F.3d 1292, 1294-95 (11th Cir.

1998). In addition, two policy matters warrant consideration in the Colorado River

analysis: (1) whether the later filed litigation is vexatious or reactive in nature; and (2)

whether the concurrent cases involve a federal statute that evinces a policy favoring

abstention. Ambrosia, 368 F.3d at 1331.

"With regard to weighing these considerations, the Supreme Court explained that

'no one factor is necessarily determinative,' Colorado River, 424 U.S. at 818, and that

'the weight to be given to any one factor may vary greatly from case to case.'" Id. at

1331-32 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16

(1983)). "Furthermore, the factors must be considered flexibly and pragmatically, not as

8

a 'mechanical checklist.'" Id. at 1332 (quoting Moses H. Cone, 460 U.S. at 16).

"Finally, the abstention inquiry must be 'heavily weighted in favor of the exercise of

jurisdiction.'" Id. (quoting Moses H. Cone, 460 U.S. at 16).

## B. Parties' Arguments

In this case, the parties agree that the first and second factors are either neutral

or not relevant to the analysis. Plaintiff argues that the third factor weighs heavily in

favor of abstention because piecemeal litigation would be avoided if a stay were

granted. See Colorado River, 424 U.S. at 819 (noting that the most important factor

was the "clear federal policy . . . [of] avoidance of piecemeal adjudication"). Defendant

disagrees, asserting that "[p]roperly understood, this factor does not favor abstention

unless the circumstances enveloping the two cases will likely lead to piecemeal

litigation that is 'abnormally excessive or deleterious.'" DE 51 at 8 (quoting Ambrosia,

368 F.3d at 1333).

With respect to the fourth factor, Plaintiff argues that the state court had

jurisdiction over PennSummit in this case before PennSummit removed the action to

this Court. In addition, Plaintiff points out that "APAC and Ranger answered FDOT's

complaints [ ] on October 26, 2009, whereas PennSummit filed its answer in this action

on October 30, 2009." DE 49 at 6. Conversely, Defendant argues that the factor

regarding the order in which jurisdiction was obtained favors the federal court action,

which was filed well before the APAC and Ranger lawsuits. Defendant also

emphasizes the fact that this case has progressed through discovery and is set to go to

9

trial at the end of March while the state court cases are still at the pleading stages.[5]

Finally, Plaintiff asserts that the "fifth and sixth factors also weigh in favor of
abstention because there are no questions of federal law involved in either the state or
federal cases, and the state court can provide adequate protection for the rights of all
parties involved." DE 49 at 6. Defendants acknowledge that state law will be applied,
but argue that the case does not involve complex state law and, thus, the fifth factor
does not weigh in favor of abstention.

## C. Analysis

The Court's analysis begins with the parties' dispute regarding whether the third
factor, the avoidance of piecemeal litigation, weighs in favor of abstention. The
Eleventh Circuit has emphasized that this factor "does not favor abstention unless the
circumstances enveloping those cases will likely lead to piecemeal litigation that is
abnormally excessive or deleterious." Ambrosia, 368 F.3d at 1333. District courts in
the Eleventh Circuit have found abstention is warranted when identical litigation is filed
in both the federal and state courts. See, e.g, Sides v. Simmons, No. 07-cv-80347,
2007 WL 3344405, at *3 (S.D. Fla. Nov.7, 2007) ("To allow litigation in this Court, while
the same litigation is pending in state court, will require twice the resources: two
discoveries, two trials[,] and possibly two conflicting decisions based on the same
evidence . . . . This is unnecessary and excessive.") (internal citation omitted); Bosdorf
v. Beach, 79 F. Supp. 2d 1337, 1344 (S.D. Fla. 1999) (finding abstention warranted
where the "facts and claims underlying the state and federal actions in the instant case

---

[5]     It should be noted that the parties recently filed a joint motion with this
Court seeking to push back the trial date by four months. See DE 63.

10

are identical"); O'Dell v. Doychak, No. 606-CV-677-ORL-19KRS, 2006 WL 4509634, at

*7 (M.D. Fla. Oct. 20, 2006) ("The potential for state court litigation to moot a federal

case favors abstention.").

Defendant acknowledged at oral argument that *res judicata* or collateral estoppel

may not apply to any claims involving FDOT. Nevertheless, Defendant argues that

such principles will avoid duplicative litigation with respect to claims between

PennSummit and Signal, as well as APAC and Ranger whose interests are aligned with

Signal. The Court concludes that the possibility that additional, or even duplicative,

litigation may be required to resolve FDOT's claims does not result in "piecemeal

litigation that is abnormally excessive or deleterious." Ambrosia, 368 F.3d at 1333.

The Eleventh Circuit has set a high bar for a party to establish the "exceptional

circumstances" that require abstention. In discussing the general principle to avoid

duplicative litigation, the Eleventh Circuit stated the following:

> This general principle does not apply, however, when the
> duplicative litigation arises between state and federal courts. As
> the Supreme Court recognized, "generally, as between state and
> federal courts, the rule is that the pendency of an action in the state
> court is no bar to proceedings concerning the same matter in the
> Federal court having jurisdiction . . . ." [Colorado Rivier, 424 U.S.
> at 817] (marks and citations omitted). Federal courts have a
> "virtually unflagging obligation . . . to exercise the jurisdiction given
> them." Id. A policy permitting federal courts to yield jurisdiction to
> state courts cavalierly would betray this obligation. Thus, federal
> courts can abstain to avoid duplicative litigation with state courts
> only in "exceptional" circumstances. Id. at 818.

Ambrosia, 368 F.3d at 1328. Further, in reversing the district court's decision to

abstain, the Ambrosia opinion stated that "[a]lthough the dual proceedings in this

instance will likely result in some unremarkable repetition of efforts and possibly some

piece-by-piece decision-making, there is no indication that piecemeal litigation poses any greater waste or danger here than it does in the vast majority federal cases with concurrent state counterparts." Id. at 1333. Therefore, the potential for piecemeal litigation raised in Plaintiff's Motion is insufficient, on its own, to warrant abstention.[6]

Another relevant factor is the order in which the courts assumed jurisdiction. This factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Ambrosia, 368 F.3d at 1333 (quotation omitted). The parties to this case have engaged in discovery while the state court cases remain in the pleading stage. Moreover, this case is scheduled to go to trial at the end of March, whereas the parties are not even in a position to estimate when the state court cases may proceed to trial. There is no question that, regardless of whether the Court grants or denies the parties' pending motion for a continuance, this case will go to trial before the state court cases. Indeed, it is likely that there will be a substantial delay before the state cases proceed to trial. Accordingly, this factor weighs against abstention.[7]

Turning to the fifth factor, this case involves state rather than federal law. This

---

[6]     It should also be noted that Defendant has retained the same counsel for both the federal and the state cases. Plaintiff's counsel will also represent Signal, as well as APAC and Ranger in the state court cases. Accordingly, the fact that many of the same lawyers are involved in both the state and the federal proceedings will facilitate coordination and decrease the amount of duplication of both discovery and litigation.

[7]     "When analyzing this factor, courts should consider its underlying policies: the avoidance of forum shopping and the problem of collateral estoppel." Rambaran v. Park Square Enterprises, Inc., No. 6:08-cv-247-Orl-19GJK, 2008 WL 4371356, at *6 (M.D. Fla. Sept. 22, 2008). There is no concern of forum shopping here because it was FDOT, rather than Signal, which commenced the state court actions.

factor, however, is of limited significance here because this action does not involve

"complex questions of state law that a state court might be best suited to resolve."

Ambrosia, 368 F.3d at 1334 (citing Noonan South, Inc. v. County of Volusia, 841 F.2d

380, 382 (11th Cir. 1988) (explaining that the application of Florida law alone in a

federal diversity case did not favor Colorado River abstention where no "complex

questions of state law" were at issue)).

The Eleventh Circuit has stated that the sixth factor "will only weigh in favor or

against abstention when one of the fora is inadequate to protect a party's rights."

Ambrosia, 368 F.3d at 1334. Plaintiff argues that "this forum is inadequate to protect

the rights of Signal vis-à-vis PennSummit's Eleventh Affirmative defense that the mast

arms were negligently designed and its Twentieth Affirmative Defenses that the mast

arms met the specifications and 'state of the art' during the relevant time period as

required by and articulated by the Florida Department of Transportation, and were

therefore conforming goods." DE 53 at 11. As discussed, the fact that FDOT is not a

party does not preclude the parties from litigating such issues in this forum.

The question of whether abstention is warranted in this case is a close call.

Judicial economy would favor resolving all of the issues amongst Plaintiff, Defendant,

FDOT, Ranger and APAC in one proceeding. The Eleventh Circuit, however, has made

clear that "federal courts are almost invariably obligated to exercise jurisdiction" unless

the threat of piecemeal litigation is abnormally excessive. Ambrosia, 368 F.3d at 1333.

The Court finds that this standard is not met by this case. Here, the state cases are not

identical to this action and *res judicata* or collateral estoppel will eliminate the need to

relitigate all of the issues decided in this forum.

13

Further, this case was filed before and has progressed further than the state court cases. Defendant's counsel stressed at oral argument that staying this action to wait until the state cases proceed to trial would prejudice Defendant. Given the significant time that could pass before a trial in state court, counsel argued that any additional costs due to duplicative litigation would be outweighed by the benefits of receiving a swift result in this action. A resolution to this proceeding will inevitably narrow some of the issues amongst the parties and may also facilitate settlement. Moreover, Defendant removed this case to federal court. Abstention would force Defendant to litigate against local entities and the FDOT in Florida state court and deprive Defendant of a federal forum. Such a result runs contrary to the considerations that underlie diversity jurisdiction.

Ultimately, it is the steep burden faced by Plaintiff that decides this issue. Although some of the factors weigh in favor of abstention, the Court finds that this case does not present the type of "exceptional circumstances" required for this Court to abdicate its jurisdiction.

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Corrected Motion to Remand to State Court, or in the Alternative, Stay Proceedings Pending Resolution of Parallel State Court Actions [DE 49] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of February, 2010.

**JAMES I. COHN**
**United States District Judge**

14

Copies provided to:

Counsel of record via CM/ECF

15