UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60636-CIV-COHN-SELTZER

SIGNAL TECHNOLOGY, INC.,

    Plaintiff,

vs.

PENNSUMMIT TUBULAR, LLC,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO TAKE ONE DEPOSITION BEYOND THE FACT DISCOVERY DEADLINE

**THIS CAUSE** is before the Court on Defendant's Motion for Leave to Take One Deposition Via Videoconference After Deadline to Complete Fact Discovery [DE 83] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 85], Defendant's Reply [DE 86], the record in this case and is otherwise advised in the premises.

Defendant seeks leave from the Court to take the deposition of Judy McLaughlin beyond the deadline to complete fact discovery. Ms. McLaughlin is a former quality assurance manager for Palmer Industrial Coatings, Inc. ("Palmer"). Palmer is a subcontractor to Defendant who was responsible for painting the mast arms and uprights at issue in this case.

Defendant argues that leave to take Ms. McLaughlin is justified by the following circumstances. On June 3, 2010, Plaintiff served its expert report on Defendant. Defendant argues that prior to service of Plaintiff's expert report, "Plaintiff did not disclose its theory on exactly what caused the paint to delaminate from the steel other than general criticisms of the galvanization and painting of the structures." DE 83 at 2. The next day, Defendant "immediately noticed the

deposition of Ms. McLaughlin for Friday, June 11, 2010 (the fact discovery cut-off date)." Id. Defendant's Motion also sets forth the following regarding why a deposition is necessary:

> Since Ms. McLaughlin is located in Pennsylvania and PennSummit cannot secure her appearance at trial via subpoena, PennSummit intended to take the deposition of Ms. McLaughlin via videoconference in order to preserve her testimony for presentation at trial. PennSummit anticipates that Ms. McLaughlin will present factual testimony expressly contradicting the opinions of Plaintiff's expert.

Id.

Plaintiff opposes the Motion for a number a reasons. Plaintiff argues that "Defendant cannot realistically claim that its need to depose Palmer's quality assurance manager was not apparent well before" Plaintiff served its expert report. DE 85 at 2. Plaintiff discusses various disclosures to support this argument and also points to this Court's prior ruling denying a joint motion to extend the pre-trial deadlines in this case.

The Court will grant the Motion for two reasons. First and foremost, Defendant noticed the deposition for a date which was not outside of the fact discovery deadline. The deposition, however, could not go forward on that date "as Ms. McLaughlin was on a pre-planned vacation that week." DE 86 at 3. Second, because Ms. McLaughlin lives more than 100 miles from the Courthouse, Defendant will be unable to subpoena her to testify at trial. Accordingly, the Court will grant Defendant leave to take this single deposition outside the deadline to complete fact discovery with the understanding that this exception does not alter all remaining pre-trial deadlines.

**ORDERED AND ADJUDGED** that Defendant's Motion for Leave to Take One Deposition Via Videoconference After Deadline to Complete Fact Discovery [DE 83]

is **GRANTED**. Defendant is granted leave to take the deposition of Judy McLaughlin outside the deadline for fact discovery.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 17th day of June, 2010.

*[signature]*

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record via CM/ECF